Charles L. Doerksen, #135423
DOERKSEN TAYLOR TRIAL LAWYERS
2125 Kern Street, Suite 307
Fresno, California 93721
559 233 3434
*cld@doerksentaylor.com*

Attorneys for plaintiffs Valley Children's Hospital and Valley Children's Medical Group

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| VALLEY CHILDREN'S HOSPITAL, a California nonprofit public benefit corporation; and VALLEY CHILDREN'S MEDICAL GROUP, a California nonprofit public benefit corporation,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>ATHENAHEALTH, INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**(28 U.S.C. § 1332; Diversity of Citizenship)**<br><br><br>**Jury Trial Demanded** |

Plaintiffs Valley Children's Hospital and Valley Children's Medical Group allege as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Valley Children's Hospital ("Hospital") is a nonprofit public benefit corporation organized and existing under the laws of the State of California, and operating a free-standing children's hospital. Plaintiff Hospital's principal place of business is located in Madera County, California, in the Eastern District of California.

2. Plaintiff Valley Children's Medical Group ("Medical Group") is a nonprofit public benefit corporation organized and existing under the laws of the State of California, and, through its affiliated contracted medical groups, provides professional medical services to plaintiff Hospital. Plaintiff Medical Group is an "Authorized User" under the Master Services Agreement between plaintiff Hospital and defendant Athenahealth, Inc., as alleged in Paragraphs 7 through 9 herein, and is entitled to enforce such agreement against defendant Athenahealth, Inc. To the extent that standing of plaintiff Medical Group is questioned, this action shall be considered a pass-through claim brought by plaintiff Hospital on behalf of an Authorized User, plaintiff Medical Group.

3. Plaintiff Hospital and plaintiff Medical Group (together "Valley Children's") have a common owner, Valley Children's Healthcare.

4. Defendant Athenahealth, Inc. ("Athenahealth") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Watertown, Massachusetts.

5. This court has jurisdiction over this action pursuant to 28 U.S.C. section 1332 in that the amount in controversy exceeds $75,000 exclusive of interest and costs, and each of plaintiffs and the defendant are citizens of different states.

6. Venue is appropriate in the Eastern District of California pursuant to 28 U.S.C. section 1391 (b)(2) in that the contract which is the subject of this action was substantially performed in Madera County, California.

**BACKGROUND ALLEGATIONS**

7. Effective November 14, 2012, plaintiff Hospital and defendant Athenahealth entered into a Master Services Agreement, and concurrently therewith, an Amendment to Master Services Agreement effective the same date. Copies of the Master Services Agreement and the Amendment to Master Services Agreement are attached hereto as Exhibits "A" and "B", respectively. Section 1 of the Master Services Agreement, as amended, defines the "Agreement" between plaintiff Hospital and defendant Athenahealth as consisting of, in addition to the Master Services Agreement and the Amendment to Master Services Agreement, the following

documents: (a) Third Party terms; (b) Proposal No. O-2266984-8; and (c) various "Service Descriptions" including athenaCollector. Attached as Exhibits "C", "D" and "E", respectively, are true and correct copies of (a) the Third Party terms (downloaded July 22, 2019); (b) Proposal No. O-2266984-8; and (c) the athenaCollector Service Description. Exhibits "A" through "E" are collectively referred to herein as the "Master Services Agreement". The athenaClinicals, athenaCommunicator and athenaCoordinator Service Descriptions are understood not to be relevant to this action, and are therefore not attached.

8. AthenaCollector is defendant Athenahealth's revenue cycle management (i.e., claims submission and billing) service which incorporates Web-based software with hands-on support staff who work the claims, purportedly combining the best of a software system used by a provider with elements of a third-party billing service. By the athenaCollector Service Description, defendant Athenahealth represented that an advantage of athenaCollector was that plaintiff Hospital (and its Authorized Users such as plaintiff Medical Group) would "[g]et paid more and faster" and that athenaCollector would "[d]ecrease the rate of lost and denied claims".

9. By the Master Services Agreement, defendant Athenahealth agreed to provide the services as described in the athenaCollector Service Description, and this included, among other things (a) generating and timely submitting claims to payors; (b) posting Remittance Advice Details received from payors; and (c) following up on underpaid and denied claims and working to get them paid.

10. Upon claims information having been entered by plaintiff Medical Group into athenaCollector, it is understood that the claim was automatically "scrubbed" by the athenaCollector system, and if "clean", it was ready to be submitted to a payor. This "scrubbing" is analogous to filling in a form online and having boxes highlighted in red if they have not been [accurately] filled in.

11. Original claims to each of Medi-Cal, California Children's Services, and Medi-Cal Managed Care must be submitted within six months following the month in which services were rendered. If received during the seventh to ninth months they are reimbursed at 75%; if received

///

during the tenth to twelfth months they are reimbursed at 50%; and after the twelfth month they are denied in their entirety as being untimely.

12. Each claim that is submitted to a payor via athenaCollector (and otherwise) is subjected to a series of "edits" and "audits" by the payor, which validates the claim information to determine if the claim should be paid or denied. Ultimately a claim will be paid (with payment accompanied by a Remittance Advice Detail) or it will be denied. If a claim is considered to have been incorrectly underpaid or denied, an adjustment or reconsideration, respectively, may be requested of a payor, and there is a limited time in which plaintiff Medical Group (through defendant Athenahealth) may seek such adjustment or reconsideration.

13. As a claim moves through the process beginning with the provider's entry of information following a patient encounter and ending with the receipt of a remittance (and potentially beyond in the case of an underpayment or denial), athenaCollector assigns "Status Indicators" to the claim, and they are also commonly referred to as "Buckets". The more common and relevant Status Indicators/Buckets are the following:

    a. DROP. Claims assigned this Status Indicator (i.e., claims in this Bucket) have passed the automated "scrub" and are ready for submission to a payor.

    b. BILLED. Claims assigned this Status Indicator have been submitted to a payor and remittance is being waited on. The claim continues with this Status Indicator/ Bucket until a remittance or denial is received. If fully paid, the Status Indicator changes to CLOSED. If a claim is underpaid or is denied it is assigned a CBOHOLD Status Indicator (discussed in the following paragraph). If a claim has been in the BILLED Bucket longer than is typical for the particular payor to which it has been submitted, an automated internal alarm is supposed to be triggered with the Status Indicator changing to FOLLOWUP so that defendant Athenahealth is alerted that it needs to follow-up with the payor.

    c. CBOHOLD. This Status Indicator is assigned when a claim has either failed a payor's adjudication process, or if a request for an adjustment or reconsideration is to be submitted. Other potential "holds" include ATHENAHOLD (the claim requires action by defendant Athenahealth as an error or rejection requires internal review to fix the issue); HOLD

1  (the claim contains errors that are specific to the individual claim and information is needed from
2  the patient, chart or physician); and MGRHOLD (the claim contains an error that typically needs
3  to be resolved by a billing manager or someone who has access to key billing data, such as
4  credentialing information, provider number, etc.)

5       14.    Effective June 1, 2020, plaintiffs Valley Children's and defendant Athenahealth
6  entered into a Tolling Agreement, a true and correct copy of which is attached hereto as Exhibit
7  "F".  Pursuant to the Tolling Agreement, any statute of limitations periods applicable to the
8  claims asserted herein, as well as any lookback periods of time that limit damages such as in
9  Section 8(f) of the Master Services Agreement as amended, were tolled from June 1, 2020 to
10 August 31, 2020 (the "Tolling Period").  The Tolling Period has been extended by the parties
11 through September 30, 2021, with the exception that the tolling was not in effect from June 1 to
12 August 5, 2021.

**FIRST CLAIM FOR RELIEF**

**(Breach of Written Contract)**

15      15.    Plaintiffs Valley Children's incorporate by reference herein Paragraphs 1 through
16 13 above.

17      16.    Plaintiffs Valley Children's have performed all conditions, covenants and
18 promises required on their part to be performed in accordance with the terms and conditions of
19 the Master Services Agreement, except for those which were either waived by defendant
20 Athenahealth or which plaintiffs were prevented from performing through no fault of their own.

21      17.    Defendant Athenahealth has breached the Master Services Agreement by failing
22 to adequately and timely process, submit and follow-up on claims, including but not limited to in
23 the following ways:

24           a.    It failed to adequately train and/or provide personnel to work on the claims
25 of plaintiff Medical Group who understood the intricacies of billing to Medi-Cal, California
26 Children's Services, and Medi-Cal Managed Care, such that claims of plaintiff Medical Group would
27 be timely and properly submitted and followed up on.

28 ///

    b. It failed to timely submit claims to payors.  As one example, claims were assigned a CBOHOLD or similar "hold" Status Indicator, rather that a DROP Status Indicator, after having been successfully "scrubbed", and this was true both for original claims as well as claims that had been corrected following a denial or underpayment.  These claims should have immediately been submitted to a payor, but instead languished in a "hold bucket" beyond the control of plaintiff Medical Group.

    c. It failed to competently follow-up on denied and underpaid claims.

    d. It failed to competently follow-up on claims with a Status Indicator of BILLED and for which neither a remittance or a denial had been received.  Claims remained in this Bucket long after they should have been moved into the FOLLOWUP Bucket as a result of neither a remittance or denial having been received.

  18. As a direct and proximate result of the breaches of defendant Athenahealth, claims of plaintiff Medical Group were paid at a reduced rate, claims were denied for being untimely, and claims were simply not billed to a payor because they had become stale.  Plaintiff Medical Group has suffered damages in an amount substantially in excess of the minimum jurisdictional limits of a diversity action pursuant to 28 U.S.C. section 1332.

  19. Plaintiffs Valley Children's have incurred, and will incur, attorneys' fees and costs in prosecuting this claim, and to the extent that they are recoverable by statue or contract such monies are sought to be recovered herein.

## SECOND CLAIM FOR RELIEF

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

  20. Plaintiffs Valley Children's incorporate by reference herein Paragraphs 1 through 13, 15 and 16, above.

  21. Implied into the Master Services Agreement was an implied covenant of good faith and fair dealing that neither party would do anything which would injure the right of the other to receive the benefits of the Master Services Agreement.  The covenant was implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in

///

conduct which, while not technically transgressing the express covenants, frustrated the other party's rights to the benefits of the contract.

22. Plaintiffs Valley Children's have performed all conditions, covenants and promises required on their part to be performed in accordance with the terms and conditions of the Master Services Agreement including the implied covenant of good faith and fair dealing, except for those which were either waived by defendant Athenahealth or which plaintiffs were prevented from performing through no fault of their own.

23. To the extent that defendant Athenahealth's actions and/or inactions as alleged above do not constitute a breach of an express covenant of the Master Services Agreement, such action and/or inactions constitute a breach of the implied covenant of good faith and fair dealing.

24. As a direct and proximate result of the breaches of defendant Athenahealth, claims of plaintiff Medical Group were paid at a reduced rate, claims were denied for being untimely, and claims were simply not billed to a payor because they had become stale. Plaintiff Medical Group has suffered damages in an amount substantially in excess of the minimum jurisdictional limits of a diversity action pursuant to 28 U.S.C. section 1332.

25. Plaintiffs Valley Children's have incurred, and will incur, attorneys' fees and costs in prosecuting this claim, and to the extent that they are recoverable by statue or contract such monies are sought to be recovered herein.

### THIRD CLAIM FOR RELIEF

#### (Negligence)

26. Plaintiffs Valley Children's incorporate by reference herein Paragraphs 1 through 13, 15 and 16, above.

27. Defendant Athenahealth held itself out as possessing a degree of skill and expertise in its field, and in particular, with regards to the submission and processing of claims to Medi-Cal, California Children's Services, and Medi-Cal Managed Care for the payment of professional medical services provided by plaintiffs Valley Children's. In fact, as alleged above, defendant Athenahealth represented that by using athenaCollector plaintiff Medical Group would "[g]et paid more and faster" and that it would "[d]ecrease the rate of lost and denied claims".

28. At all times mentioned herein, defendant Athenahealth owed plaintiffs Valley Children's a duty of care to provide its services in a reasonable, prudent and workmanlike manner, free from defects, and in accordance with generally accepted industry standards and practices, and in particular, to adequately train and/or to otherwise provide competent personnel to work on the claims of plaintiff Medical Group who understood the intricacies of billing to Medi-Cal, California Children's Services, and Medi-Cal Managed Care, such that claims of plaintiff Medical Group would be timely and properly submitted and followed up on.

29. Defendant Athenahealth breached its duty of care to plaintiffs Valley Children's by negligently failing to perform its work in a reasonable, prudent and workmanlike manner, in accordance with generally accepted industry standards and practices, including by failing to adequately train and/or provide competent personnel to work the claims of plaintiff Medical Group.

30. As a direct and proximate result of the negligence of defendant Athenahealth, claims of plaintiff Medical Group were paid at a reduced rate, claims were denied for being untimely, and claims were simply not billed to a payor because they had become stale.  Rather than getting paid more and faster and having less denied claims, plaintiff Medical Group was paid less, was paid slower, and had more denied claims.  Plaintiff Medical Group has suffered damages in an amount substantially in excess of the minimum jurisdictional limits of a diversity action pursuant to 28 U.S.C. section 1332.

31. Plaintiffs Valley Children's have incurred, and will incur, attorneys' fees and costs in prosecuting this claim, and to the extent that they are recoverable by statue or contract such monies are sought to be recovered herein.

## PRAYER FOR RELIEF

Plaintiffs Valley Children's pray for judgment against defendant Athenahealth as follows:

A. For compensatory damages in an amount according to proof, but in an amount substantially in excess of $75,000;

B. For interest;

C. For attorneys' fees to the extent that they are recoverable by statue or contract;

D. For costs incurred herein; and

E. For such other and further relief as the court may deem just and proper.

Dated: September 28, 2021                    DOERKSEN TAYLOR TRIAL LAWYERS

/s/

---

Charles L. Doerksen, attorneys for
plaintiffs Valley Children's Hospital and
Valley Children's Medical Group

## DEMAND FOR JURY TRIAL

Plaintiffs Valley Children's Hospital and Valley Children's Medical Group request a trial by jury as provided by Amendment VII of the United States Constitution and by Rule 8 of the Federal Rules of Civil Procedure.

Dated: September 27, 2021                    DOERKSEN TAYLOR TRIAL LAWYERS

/s/

---

Charles L. Doerksen, attorneys for
plaintiff Valley Children's Hospital and
Valley Children's Medical Group